IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Clayton T. Jones, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 3:19-cv-03326-TMC |
| vs. | ) | **ORDER** |
| Officer Chris E. Odom, | ) | |
| Defendant. | ) | |

Plaintiff Clayton T. Jones ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendant violated his constitutional rights. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff filed objections to the Report, (ECF No. 13), and this matter is now ripe for review.

**BACKGROUND**

Plaintiff was arrested on August 5, 2019, pursuant to a warrant, and subsequently charged in the Richland County Court of General Sessions with third degree criminal sexual conduct with a minor in violation of S.C. Code Ann. § 16-3-655(c). (ECF No. 1 at 5); *State of South Carolina v. Clayton Thomas Jones*, 2019A4021602389, Richland County Public Index – Charges (filed Sept. 9, 2019)[1]. As of the date of this Order, Plaintiff's criminal charges are still pending in state court. *See Jones*, Richland County Public Index – Actions.

---

[1] The court may take judicial notice of the state court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting a court "may properly

1

On November 26, 2019, Plaintiff filed this lawsuit alleging that his Fourth, Fifth, and Fourteenth Amendment rights had been violated by his arrest. *See* (ECF No. 1). Specifically, Plaintiff alleges that Defendant failed to disclose material facts when obtaining the arrest warrant, including the fact that the victim was unreliable based on her age. *See id*. at 4–5. Plaintiff further contends that the victim's allegations were inconsistent and "implausible," because the alleged improper touching occurred "while in a public location, in clear water, beneath direct sunlight, under the watchful supervision of [the victim's] mother" and in sight of "another unrelated adult". *Id*. at 5–6, 7. Plaintiff asserts a false arrest claim based upon these alleged deficiencies in the arrest warrant, *see id*. at 7–14, and seeks to recover money damages as well as an injunction dismissing his pending state criminal charges, *id*. at 6.

## STANDARD OF REVIEW

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 50). The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

---

take judicial notice of matters of public record" when considering dismissal of an action); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (internal alterations and citations omitted)).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

The magistrate judge's Report recommends the court decline to exercise jurisdiction over Plaintiff's action to the extent he seeks to enjoin the state criminal proceeding against him, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), (ECF No. 10 at 3–5), and dismiss Plaintiff's damages claims during the pendency of the state proceeding, *id*. at 5–7. Plaintiff filed eleven objections to the Report, (ECF No. 13), which the court has carefully reviewed. Plaintiff's first two objections are easily overruled as neither raises any specific challenge to the findings or conclusions in the Report. *See id*. at 1. Specifically, Plaintiff's first objection does not even relate to the Report, but rather objects to a prior order entered by the magistrate judge directing the Clerk of Court not to authorize service of process. *Id*. (citing ECF No. 8). Next, Plaintiff challenges the magistrate judge's jurisdiction and authority to review the case and issue the Report. *Id*. However, as noted above, this case was automatically referred to the magistrate judge pursuant to pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Thus, Plaintiff's first two objections are without merit and are overruled.

**Plaintiff's Claims are Subject to Dismissal Pending the State Criminal Proceedings.**

Plaintiff's third, eighth, ninth, and tenth objections all address the magistrate judge's recommendation that the case be dismissed, without prejudice, pending the resolution of his state criminal charges. *Id*. at 1–2, 3–4. In his third objection, Plaintiff argues that dismissal is improper because the magistrate judge did not find that Plaintiff had failed to state a claim under Rule 12(b)(6) or that the action has been brought frivolously or maliciously. *Id*. at 1–2. Plaintiff also asserts that the Report "only vaguely implies that the defendant is immune." *Id*. at 2. However, the magistrate judge's Report does not address the issue of immunity from suit, let alone make any finding that the Defendant is immune. *See* ECF No. 10. Further, failure to state a claim under

Rule 12(b)(6) and frivolous or malicious filings are not the only grounds upon which a case may be subject to dismissal, and Plaintiff cites no authority in support of this argument. This objection is without merit and is overruled.

Plaintiff's eighth, ninth, and tenth objections all related to the magistrate judge's findings regarding the validity of the warrant and whether there was probable cause for Plaintiff's arrest. *See* (ECF No. 13 at 3–4). However, in support of these objections, Plaintiff merely points to and recites the allegations set forth in his Complaint, which have already been addressed by the magistrate judge. *See id*. Objections which merely restate arguments already presented to and ruled on by the magistrate judge do not constitute specific objections. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012). Accordingly, the court need only review this portion of the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662. The court finds that the magistrate judge thoroughly considered Plaintiff's allegations regarding the existence of probable cause and the validity of the warrant to determine that Plaintiff's damages claims are "plainly barred" and, consequently, subject to dismissal rather than a stay pending resolution of the state criminal proceedings. *See* (ECF No. 10 at 5–7).

As the magistrate judge noted, Plaintiff acknowledges in his Complaint that he was arrested pursuant to a warrant and makes no allegations that the warrant was invalid on its face.[2] *See id*. at 6; (ECF No. 1 at 4). Accordingly, Plaintiff's claim for false arrest fails as a matter of law. *See, e.g., Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85

---

[2] Although Plaintiff does argue that Defendant omitted material facts regarding the victim's credibility when obtaining the warrant, *see* (ECF No. 1 at 4–7), he does not challenge that "a warrant was . . . issued and that he was arrested pursuant to it." *Dorn v. Town of Prosperity*, 375 Fed. App'x 284, 286 (4th Cir. 2010) (quoting *Medows v. City of Cayce*, No. 3:07-409, 2008 WL 2537131, at *3 (D.S.C. June 24, 2008)).

5

F.3d 178, 181–82 (4th Cir. 1996) (noting "allegations that an arrest made pursuant to a warrant was not supported by probable cause" states a claim for malicious prosecution, not false arrest). Furthermore, to the extent Plaintiff's Complaint can be construed to state a claim for malicious prosecution, this claim also fails. In order to establish a claim for malicious prosecution, "a plaintiff must demonstrate that the criminal charges brought against him *have been resolved* in his favor." *Hunt v. W. Columbia Police Dep't*, Civ. A. No. 3:14-70-MGL, 2015 WL 4274827, at *6 (D.S.C. July 14, 2015). Instead, Plaintiff concedes that he is a pre-trial detainee and his state criminal charges have not been resolved but are still pending against him. *See* (ECF No. 1 at 4). Thus, "[b]ecause Plaintiff is still incarcerated and his criminal proceeding has not terminated in his favor, his malicious prosecution claim, to the extent he asserts such a claim, should be dismissed." *Hawke v. Livesay*, Civ. A. No. 4:11-cv-00139-RBH, 2011 WL 1465526, at *2 (D.S.C. April 15, 2011). Therefore, the court agrees with the magistrate judge's conclusion that Plaintiff's damages claims for false arrest and malicious prosecution clearly fail and, accordingly, should be dismissed, rather than stayed, pending resolution of state criminal charges.

**The Court Declines to Exercise Jurisdiction over Plaintiff's Case to the Extent Plaintiff Seeks to Enjoin State Criminal Proceedings.**

Plaintiff's fourth, fifth, sixth, and seventh objections all pertain to the Report's recommendation that the court abstain from exercising its jurisdiction over this action to the extent Plaintiff seeks to enjoin the state proceedings on his criminal charges. (ECF No. 13 at 2–3). However, again, Plaintiff's objections fail to identify with particularity any factual or legal error in the magistrate judge's Report. *See id*. Instead, his objections consist merely of opinion statements and unsupported legal conclusions. Such objections, which "merely express disagreement with the magistrate judge's Report . . . and contain legal phraseology in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute

specific objections requiring de novo review by this court. *Lowdermilk v. LaManna, et al.*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that de novo review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Nevertheless, the court has carefully reviewed the record before it.

In this case, Plaintiff seeks to have this court interfere with and enjoin the pending state criminal prosecution against him. *See* (ECF No. 1 at 6). As the magistrate judge explained, the United States Supreme Court has established "principles restraining interference by federal courts with state court proceedings," commonly known as the *Younger*[3] doctrine. *Simopoulos v. Va. State Bd. of Med.*, 644 F.2d 321, 324 (4th Cir. 1981). "Under these principles when relief sought by a plaintiff in a federal action is available in a pending state criminal proceeding, the federal court, except in certain specific extraordinary circumstances, must apply equitable estoppel and abstain by dismissing outright the federal suit and by requiring the 'presentation of all claims, both state and federal, to the state courts.'" *Id*. Thus, the *Younger* doctrine "not only denies federal injunctive relief against the state action; it also closes the door of the federal court to an action for 'prospective' relief by way of a declaratory judgment finding the statute [or acts] involved in the criminal proceeding unconstitutional." *Id*. The Fourth Circuit Court of Appeals has developed the following test to determine if abstention under the *Younger* doctrine is appropriate: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp., Aero & Naval Sys. v. Md. Comm. on Human Relations*, 38 F.3d 1392, 1396 (4th

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

Cir. 1994) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

As the magistrate judge correctly found, the first prong is met because the state criminal charges against Plaintiff are still pending and the prosecution ongoing. *See State of South Carolina v. Clayton Thomas Jones*, 2019A4021602389, Richland County Public Index – Charges & Actions (filed Sept. 9, 2019). As to the second prong, the Fourth Circuit has recognized that states have "significant interests over the administration of their own criminal laws free from federal interference." *Doe v. Duling*, 782 F.2d 1202, 1208 (4th Cir. 1986); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting a state's "interest in administering [its] criminal justice system[] free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Finally, it is well-established that "'a pending state prosecution proves the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Thus, the court finds no error in the magistrate judge's analysis or recommendation under the *Younger* doctrine and declines to exercise jurisdiction over this action to the extent Plaintiff seeks to enjoin the state criminal proceedings against him.

Plaintiff's eleventh and final objection argues the magistrate judge erred by failing to address the merits of his claims. However, having determined that Plaintiff's case is subject to dismissal under the *Younger* doctrine and his claims are barred as a matter of law, neither the magistrate judge nor this court need address the merits of Plaintiff's claims. Moreover, it would be improper to do so at this juncture since the Defendant has not yet been served with process and given a chance to respond to the allegations in the Complaint. Therefore, this objection is without merit.

Therefore, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 10), and incorporates it herein. Accordingly, this action is **DISMISSED** without prejudice and without issuance or service or process.

Additionally, Plaintiff's pending motion for default judgment and summary judgment, (ECF No. 12), is hereby **DENIED** as moot.[4]

**IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              United States District Judge

Anderson, South Carolina
March 25, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] The court notes that, even if the case were not to be dismissed, this motion would still be denied as premature, because Defendant has not yet been served with this lawsuit.